RECEIVED

MAR 1 9 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| VICTORIA A. MORGAN | CIVIL ACTION NO. 04-1173 |
| VS. | JUDGE MELANÇON |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

### RULING ON MOTION FOR ATTORNEY'S FEES
### PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
*(Rec. Docs. 12 & 18)*

Before the Court is claimant's Motion for Attorney's Fees Pursuant to the Equal Access

to Justice Act ("EAJA") filed by social security claimant Victoria Morgan ("Morgan") on

September 18, 2006.[1]  The motion is unopposed.

On November 7, 2006, the undersigned continued the motion without date, noting that it

was filed prematurely because no final judgment had been entered in the case at the time the

motion was filed.  See U.S.C. §2412(d)(1)(B).[2]  Final judgment was entered in the case on

---

[1] Rec. Doc. 12.

[2] Pursuant to 28 U.S.C. §2412(d)(1)(B):

> A party seeking an award of fees and other expenses shall, *within thirty days of
> final judgment in the action*, submit to the court an application for fees and other
> expenses which shows that the party is a prevailing party and is eligible to
> receive an award under this subsection . . .

28 U.S.C. §2412(d)(1)(B) (emphasis added).  In a case in which the United States or its officer is a party, a notice of
appeal may be filed within 60 days after the judgment is entered.  F.R.A.P. 4(a)(1)(B).  Thus, an award of attorney
fees against the United States under the EAJA is not proper until the underlying judgment is final and not appealable,
that is, until sixty days after entry of the judgment.  See 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; Melkonyan v.
Sullivan, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("The 30-day EAJA clock begins to run after the
time to appeal that 'final judgment' [of a district court] has expired."); Jackson v. Chater, 99 F.3d 1086, 1095 n.4
(11th Cir.1996) ("According to the EAJA, the application must be filed within thirty days of the time the judgment is
final and no longer appealable).  Because timeliness of the application is a jurisdictional requirement, it is a
preliminary condition that must be satisfied before the Court can consider the merits of an application for EAJA fees.
Lewis v. Sullivan, 752 F.Supp. 208, 209 (E.D. La. 1990), citing Russell v. National Mediation Bd., 764 F.2d 341 (5[th]
Cir. 1985).

2

January 10, 2007, and on February 28, 2007, Morgan filed a pleading entitled "Renewal of

Plaintiff's Application/Motion for Attorney Fees."[3]  Considering the foregoing, the motion for

fees is now properly before this court.

### *Motion for Fees*

Morgan seeks a total of $3,587.50 in fees (28.7 hours at the rate of $125.00 per hour).  In

support of this request, Morgan's counsel, Henry C. Remm, Jr., submitted a petition describing

the services performed on behalf of his client and the time billed in connection with each task in

minimal increments of .10 hours.

### *Background*

Morgan filed an application for disability insurance benefits on May 26, 1999.  Her

application was denied initially and on reconsideration, and an administrative hearing was

conducted on April 9, 2003.  Thereafter, on September 25, 2003, an ALJ rendered an unfavorable

decision and denied benefits.

Morgan filed a complaint in this court on May 28, 2004.  On September 10, 2004,

Morgan filed a motion to remand for good cause under the sixth sentence of 42 U.S.C. §405(g),

citing new and material evidence that had not been considered by the ALJ when he rendered his

unfavorable decision.[4]  The district judge granted the motion to remand on December 21, 2004.[5]

Thereafter, on June 20, 2006, ALJ Kathleen S. Molinar rendered a favorable decision for

Morgan, finding that she is entitled to disability benefits consistent with an onset date of April

---

[3] Rec. Doc. 18.

[4] Rec. Doc. 6.

[5] Rec. Doc. 11.

3

20, 1998. On September 18, 2006, Morgan filed a motion for attorney's fees pursuant to the

EAJA, as well as a motion for judgment. The motion for judgment was severed from the motion

for attorney's fees and was referred to the district judge, who entered final judgment in the case

on January 10, 2007.[6]  The motion for fees is now properly before the undersigned.

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other

expenses  . . . unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The

Act thus places the burden on the Commissioner to show that the stated statutory exceptions

make an award of fees and expenses inappropriate.  Martin v. Heckler, 754 F.2d 1262, 1264 (5th

Cir. 1985).  Since Morgan is a prevailing party, and the Commissioner does not oppose an award

of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-

due benefits claim is entitled to a reasonable fee to compensate such attorney for the services

performed by him in connection with such claim, not to exceed 25 percent of the total of the past-

due benefits recovered.  42 U.S.C. §§406(a), (b)(1).  The "lodestar" approach has been adopted

by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases.  Brown v.

Sullivan, 917 F.2d 189, 191 (5th Cir. 1990).  The starting point under this approach is the number

of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate.  Id. at

192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  The

attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant

---

[6] Rec. Doc. 15.

4

community for similar legal services are measures typically used as a first approximation of the

reasonable hourly rate.  Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted

upward or downward based on the court's consideration of the circumstances surrounding the

case.  Id.  This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v.

Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  Mid-Continent Casualty

Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000).  The twelve

Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the

questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed

or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the

experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature

and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-19.  The Supreme Court has limited greatly the use of the second, third,

eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these

factors are only appropriate in rare cases supported by specific evidence in the record and

detailed findings by the courts."  Walker v. U. S. Department of Housing and Urban

Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936

(5th Cir.), modified on other grounds, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v.

Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92

L.Ed.2d 439 (1986).

5

### *Reasonable Hourly Rate*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  The customary hourly rate in this area has fluctuated between $100.00 and $125.00.  Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000) ($100); Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883 (June 29, 1999) ($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220 (June 2, 1999) ($100); Joseph Provost v. Commissioner of Social Security, No. 99-1136 (July 7, 2000) ($125); Rhonda G. Huval v.Commissioner of Social Security, No. 99-1056 ($125).

I note that Mr. Remm is an experienced attorney who has provided competent legal services to claimants seeking social security benefits for many years.  I therefore conclude that $125.00 per hour is an appropriate hourly fee.

### *Reasonable Hours Expended*

The Commissioner does not oppose the number of hours claimed by the claimant's attorney.  Furthermore, the undersigned concludes that 28.70 hours expended by an attorney is a reasonable number of hours to expend on a case of this type.

### *Johnson Analysis*

The next step requires that the court analyze the twelve Johnson factors to determine if the lodestar requires adjustment.  A listing of the factors and analysis of each factor as it applies in this case follow.  (1) Time and labor involved: the lodestar adequately compensates time and

6

labor involved.  (2) Novelty and difficulty of the questions: similar issues in this case have been

previously addressed by this court.  (3) The skill required to perform the legal services properly:

the hourly rate adequately compensates counsel for the level of skill required to handle this case

competently.  (4) Preclusion of other employment: no evidence was offered to establish that this

case precluded handling of other cases.  In addition, the billing of a total of 28.70 hours by an

attorney over a two-and-a-half year period precludes such a finding.  (5) Customary fee:

decisions rendered in this District indicate that the hourly rate awarded in social security cases in

this area fluctuates between $100.00 and $125.00 per hour.  The undersigned concludes that the

rate of $125.00 per hour is appropriate in this case.  (6) Fixed or contingent fee: this case was

billed on an hourly basis; thus, this factor does not justify adjustment.[7]  (7) Time limitations: no

evidence was adduced on this point.[8]  (8) The time involved and the results obtained: this matter

was resolved approximately two-and-a-half years after the complaint was filed; however, as the

Supreme Court has greatly limited the use of this factor, and no specific evidence has been

introduced in support, the lodestar requires no adjustment.  Walker, 99 F.3d at 771.  (9) The

experience, reputation and ability of counsel: counsel enjoys the reputation of providing

competent representation; the lodestar, however, adequately compensates for this factor.  (10)

The undesirability of the case: the lodestar adequately compensates for this factor.  (11) The

nature and length of the professional relationship with the client: no evidence was adduced on

this point.  (12) Awards in similar cases: Counsel has cited no cases that require an adjustment of

---

[7] In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[8] The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

7

the lodestar in this case.  The lodestar is presumptively reasonable and should be modified only

in exceptional cases.  City of Burlington, 112 S.Ct. at 2641.  This is not such a case; the lodestar

requires no adjustment.

**IT IS THEREFORE ORDERED** that the sum of $3,587.50 in attorney's fees is

awarded to Victoria A. Morgan as an EAJA fee.  The Commissioner of the Social Security

Administration shall forward a check payable to Henry C. Remm, Jr. in the amount of $3,587.50

pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana on March __19__, 2007

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 3/19/07
BY: Cw
TO: Rem